# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 4513 | DATE | 9/26/2001 |
| CASE TITLE | PRISM REHAB SYSTEMS, INC. vs. ENDEE, L.L.C. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ☒ [Other docket entry] Status hearing held and continued to 10/16/01 at 9:30 a.m. Enter Memorandum Opinion And Order. Plaintiffs' motions for summary judgment as to the breach of contract/promissory note claim for each of the defendants is granted.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 33 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 01 SEP 26 PM 5:36 | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



DOCKETED
SEP 27 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRISM REHAB SYSTEMS, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EMBASSY CARE CENTER, INC., et al., )
)
    Defendants. )  Nos. 99 C 4104
)       99 C 4513
)
PRISM REHAB SYSTEMS, INC., et al., )
)   Judge John W. Darrah
)
    Plaintiffs, )
v. )
)
ENDEE, L.L.C., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Prism Rehab Services, Inc. and Mariner Rehabilitation Services, Inc. (collectively Prism), filed suit against defendants, Embassy Care Center (Embassy), Peterson Park Associates Limited Partnership (Peterson), Burnham Terrace, Ltd. (Burnham), and Endee, Inc. (Endee), alleging breach of contract/promissory note, breach of services contract, and quantum meruit against all four defendants. Presently before this Court is plaintiffs' Motions for Partial Summary Judgment. Plaintiffs seek summary judgment on the breach of contract/promissory note claim for each defendant.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still come forward with evidence establishing the elements of its claim on which it bears the burden of proof at trial. As such, it must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 1003.

I. Defendant Embassy

In September 1995, Embassy entered into an agreement with Prism for Prism to provide Embassy therapy services. (Plaint.'s 56.1(a)(3) Statement ¶ 9). In October 1998, Embassy executed a promissory note in the amount of $431,724 payable to Prism following Embassy's failure to pay Prism for services rendered. (Id., at ¶ 8). Embassy made its November 1998 payment on the promissory note approximately two weeks late. (Id., at ¶ 10). On November 30, 1998, Embassy informed Prism that it was terminating its service agreement with Prism. (Id., at ¶ 18).

Subsequently, Embassy failed to make full payments to Prism on the promissory note in December 1998 and January 1999. (Plaint.'s 56.1(a)(3) Statement ¶¶ 11-12). Embassy failed to make any payment on the promissory note from March 1999 through June 1999. (Id., at ¶¶ 13-17). The total remaining principal amount due under the promissory note is $261,724 plus interest. (Id., ¶ 19).

II. Defendant Peterson

In September 1995, Peterson entered into an agreement with Prism for Prism to provide Peterson health related services. (Plaint.'s 56.1(a)(3) Statement ¶ 22). In October 1998, Peterson executed a promissory note in the amount of $367,537 payable to Prism. (Id., at ¶ 21). Peterson made its November 1998 payment on the promissory note approximately two weeks late. (Id., at ¶ 23). On December 29, 1998, Peterson informed Prism that it was terminating its service agreement with Prism. (Id., at ¶ 30).

Subsequently, Peterson failed to make any payment on the promissory note from January 1999 through June 1999. (Plaint.'s 56.1(a)((3) Statement ¶¶ 24-29). The total remaining principal amount due under the promissory note is $168,624 plus interest. (Id., ¶ 31).

III. Defendant Burnham

In October 1999, Burnham executed a promissory note in the amount of $145,548 payable to Prism. (Plaint.'s 56.1(a)(3) Statement ¶ 33). Burnham failed to make any payment on the promissory note from April 1999 through June 1999. (Id., at ¶¶ 35-37). The total remaining principal amount due under the promissory note is $45,548 plus interest. (Id., ¶ 38).

IV. Defendant Endee

In September 1995, Endee entered into an agreement with Prism for Prism to provide Peterson health related services. (Plaint.'s 56.1(a)(3) Statement ¶ 7).[1] In October 1998, Endee executed a promissory note in the amount of $209,558 payable to Prism. (Id., at ¶ 6). Endee

---

[1] Plaintiff submitted a separate Statement of Facts for defendant Endee. Therefore, the plaintiff's paragraph numbers appear to repeat.

made its November 1998 payment on the promissory note approximately two weeks late. (Id., at ¶ 8). On November 30, 1998, Endee informed Prism that it was terminating its service agreement with Prism. (Id., at ¶ 14).

Subsequently, Endee failed to make any payments on the promissory note from February 1999 through June 1999. (Plaint.'s 56.1(a)((3) Statement ¶¶ 9-13). The total remaining principal amount due under the promissory note is $119,558 plus interest. (Id., ¶ 15).

As demonstrated by the above undisputed facts, all of the defendants do not deny that they failed to make payments on their respective promissory notes and that each has an outstanding balance due on the note, in addition to interest on the unpaid balance. Defendants argue that summary judgment should be denied because there exists a question of whether the parties had settled the suit. However, as the facts below demonstrate, whether a settlement was reached by the parties in 1999 is no longer at issue, and summary judgment is proper.

In December 1999, the parties agreed to settle the dispute for a payment of $200,000 by the defendants to plaintiffs. Plaintiffs allege that the settlement agreement was expressly conditioned upon plaintiffs' receiving the funds prior to a certain date; defendants disagree. Defendants did execute a check for $200,000; but there is no evidence the check was sent, received, or cashed. Subsequently, plaintiffs filed motions for summary judgment. A few days later, plaintiffs filed for Chapter 11 bankruptcy.

A review of the case file indicates that in January 2000, defendants informed the then-presiding judge, Judge Alesia, that their response to the motion for summary judgment would be to claim that the case settled in December 1999. Judge Alesia requested the parties submit

briefs discussing the effect of plaintiffs' bankruptcy on his ability to rule on defendants' assertion that the case had settled.

In May 2000, plaintiffs submitted their brief, demonstrating that Bankruptcy Code required that the settlement issue be resolved by the Bankruptcy Court. In June 2000, defendants' counsel attempted to withdraw from the case. The withdrawal was refused until defendants filed their brief addressing the settlement issue. In July 2000, defendants filed their brief concerning the settlement issue. Defendants agreed with plaintiffs that the Bankruptcy Court was the correct court to decide the issue and asked the court grant defendants sixty days to file the appropriate documents in the Bankruptcy Court. In their reply brief, plaintiffs stated they did not object to the court granting defendants sixty days to take appropriate actions and also stated that if defendants failed to file such documents within sixty days the right to present a motion to enforce settlement should be deemed waived and that the Court should consider the pending motions for summary judgment.

On August 8, 2000, Judge Alesia entered a minute order requiring that defendants retain new counsel by August 22, 2000, and gave defendants sixty days to file pleadings in the Bankruptcy Court.

Defendants did not retain new counsel until October 2000, and never filed any pleadings addressing the settlement issue in the Bankruptcy Court. Defendants allege that they never received notice of the August 8, 2000 order because their counsel had already withdrawn, and they do not recall ever seeing the order. However, a letter from defendants' counsel at the time the order was issued states that a copy of the order is attached. The computer "footer" at the

bottom of the letter indicates that the letter was prepared on August 11, 2000. In addition, the defendants do not assert and they present no evidence that they were not aware of the nature of the proceedings and the contents of the briefs that addressed the settlement issue and time frames set forth in those briefs. To date, defendants have not filed anything in the Bankruptcy Court in an attempt to enforce the alleged settlement agreement and have not requested that this Court refrain from ruling on the pending motions for summary judgment until they responded to the motions in July 2001.

Based on these facts, the alleged settlement is no longer an issue in this Court. Defendants admit that they are in default of their respective promissory notes. Therefore, plaintiffs' Motions for Summary Judgment as to the breach of contract/promissory note claim for each of the defendants is granted.

Dated: September 26, 2001

JOHN W. DARRAH
United States District Judge